## UNIVERSAL OIL PRODUCTS CO. v. GLOBE OIL & REFINING CO.

### No. 10744.

District Court, N. D. Illinois, E. D. July 18, 1939.

Rehearing Denied Nov. 29, 1939.

See, also, 27 F.Supp. 161.

Pam, Hurd & Reichmann, of Chicago, Ill., for plaintiff.

Ames, Thiess, Olson & Mecklenburger, of Chicago, Ill., for defendant.

HOLLY, District Judge.

Defendant (hereinafter referred to as Globe) has filed its petition herein asking for a rehearing on the issue of res adjudicata. It is averred in the petition that subsequent to the closing of proofs on that issue the Root Refining Company (hereinafter referred to as Root) settled its controversy with Universal Oil Products Company and withdrew its petition then pending in the District Court of Delaware for leave to file a bill in the nature of a bill of review and for rehearing to reopen and review the decree theretofore entered in that court in the case of Universal Oil Products v. Root Refining Company (leave having been granted by the Circuit Court of Appeals of the Third Circuit to present said bill to the District Court) that such settlement and compromise was effected by Root on its own initiative without reference or notice to petitioner and (upon information and belief) without conference with or notice to any of the others who, in this court's opinion, had participated in the conduct and control of the Root case. Universal filed its answer to the petition and evidence was heard. From the evidence it appears that in January last Root and Universal entered into a contract settling their differences, Root accepted a license from Universal and an arrangement was made as to the amount due from Root on account of its past operations. The supersedeas bond given by Root on its appeal from the decree of the District Court was released. The suit was not dismissed ana is still pending, but the issues involved have been settled. Neither Globe nor any of the other members of the Patent Company were notified of the settlement until after the contract was signed.

I am of the opinion that the prayer of defendant's petition should be granted. In my former memorandum (Universal Oil Products v. Winkler-Koch Engineering Co., D.C., 27 F.Supp. 161) I held that the decree entered in the Root case holding Universal's patent valid and infringed was a final decree that might be set up as a bar in a subsequent case between the parties to the original suit and their privies, and that the defendant here had participated in and was one of the parties controlling that case. At that time the case was still pending on the accounting and Globe, defendant here, through its attorneys was still in control. On appeal from the accounting Globe still had the opportunity of contesting the validity of the patent in the Circuit Court of Appeals and the Supreme Court. While the District Court of Delaware was bound by the action of the Circuit Court of Appeals affirming the decree holding Universal's patent valid and infringed, the Circuit Court of Appeals could still have reconsidered its ruling and held the patent invalid or not infringed. Seagrave v. Wallace, 5 Cir., 69 F.2d 163, Johnson v. Cadillac Motor Car Co., 2 Cir., 261 F. 878, 8 A.L.R. 1023. Had that happened Globe would be entitled to file in this proceeding a bill in the nature of a bill of review, and, then in my opinion it would be the duty of this court to reverse its former holding and follow the adjudication in the Root case that the patent was invalid or was not infringed, as the case might be. Or, if the Circuit Court of Appeals adhered to its former opinion, the Supreme Court on certiorari might have found the patents invalid and not infringed.

Now the opportunity of Globe to secure a review of the decree of the District Court of Delaware has been taken away from it by the action of Universal and Root. That litigation is ended. The only reason for holding Globe bound by the decree in the Root case was that it was in control of the litigation and could carry that litigation to a conclusion. That situation no longer exists.

It seems to me that the situation now is quite the same as it would have been had Root, at the time the decree of Judge Nields was entered holding the patents

valid and infringed, discharged the Patent Company's attorneys and refused to appeal from that decree.

It is suggested by counsel for plaintiff that Globe should have objected to the withdrawal of the petition for review in the Delaware case. I remarked in my former memorandum that Root had the right to take control of its own case wherever it desired, but it had not done so. Now it has. Neither Globe nor any other member of the Patent Company could have prevented it from so doing. Objection by them would have been futile.

I *must* now hold that the issues of the validity of the patents and their infringement by defendant herein are open for litigation in this case, and that Globe is not now bound by the decree in the Root case.

An order accordingly will be entered August 14, 1939, at 10 o'clock A. M. or at such other time as the parties may agree upon.